Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 0287 | **DATE** | October 31, 2001 |
| **CASE TITLE** | Bretford Manufacturing, Inc. v. Smith System Manufacturing Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion regarding relief. A status conference is set for January 9, 2002 at 9:30 a.m. ENTER MEMORANDUM OPINION.

(x) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices FAXED by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 01 2001 date docketed | 110 |
| | Docketing to mail notices. | 01 OCT 31 PM 4:16 | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to | | 10/31/01 date mailed notice | |
| KAM courtroom deputy's initials | | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRETFORD MANUFACTURING, INC., )
                              )
         Plaintiff            )
    vs.                       )    No. 98 C 0287
                              )
SMITH SYSTEM MANUFACTURING    )
COMPANY                       )
                              )
         Defendant.           )

**DOCKETED**

**NOV 0 1 2001**

## MEMORANDUM OPINION

At the conclusion of the evidentiary hearing regarding the contract with the Dallas Independent School District (DISD), the court found that the defendant Smith had been guilty of willfully passing off a set of Bretford table legs as Smith table legs. We asked the parties to brief the question of what relief might be appropriate for this "reverse passing off" by Smith. The briefs have been helpful, and the court now makes the following rulings in light of the law cited by the parties. This opinion will discuss the issues in the sequence followed by the parties in their briefs.

### What Law Applies

The court does not necessarily agree that Illinois has the most significant contacts with the case, but it does agree with Bretford that there appears to be no material difference between the law of Illinois and the law of Texas. Therefore, to the extent state law might afford the basis for relief, we will apply the law

of Illinois, the forum state.

## Smith's Liability for the Acts of Its Agents

Smith questions whether it is liable when it has not been shown that Smith management specifically authorized the passing off. But no such showing is necessary. A corporation is liable for the deceitful acts of its agents, even if it does not know about the acts, if the deceitful acts occurred in the scope of the agent's employment. As we found at the conclusion of the evidence, Smith is liable on this basis for the conduct of whatever agent or agents passed off the Bretford legs as Smith legs.

## Bretford's Rights Under the Lanham Act

We believe the full scope of remedies under the Lanham is appropriate in this case.[1] Bretford will be entitled to recover lost profits resulting from Smith's tortious conduct. Whether this will be limited to the profits from this one contract or extend to profits on other contracts depends upon what the evidence will show. We offer no view on it at this time, except to express tentative agreement with Smith's argument that if each contract was separately bid, with the award going automatically to the low qualified bidder, there would be no causal connection between the contract in question and any future loss of business.[2]

---

[1] We rely on the Seventh Circuit cases cited in Bretford's briefs.

[2] We suggest that the parties initially focus their lost profits discovery on this causation question. If there is no evidence that the passing off caused Bretford to lose additional contracts, there would be no point in pursuing the question of what the profits were on those contracts.

Bretford will also be entitled to recover for any loss of good will it can show apart from lost profits.

We also believe this is an appropriate case for treble damages and attorneys fees. This tortious act was deceitful, willful and committed for the purpose of depriving Bretford of the DISD contract. There was no justification for Smith's conduct, and the fact that the evidence was disputed is immaterial to the question of what remedy is appropriate.

### Costs

As a prevailing party, Bretford is entitled to recover the costs it incurred in connection with its proof of reverse passing off. We will rule on specific items of costs at the time they are submitted.

### Prejudgment Interest

Prejudgment interest will be allowed on the damages Bretford ultimately recovers for the reverse passing off.

### Punitive Damages

Bretford asks for punitive damages on its state law theories as an alternative to treble damages under the Lanham Act. Because we are awarding treble damages under the Lanham Act, we will not award punitive damages, which would amount to a duplicative recovery.[3/]

---

[3/] One advantage of treble damages over punitive damages is that the inevitable dispute over the appropriate amount is avoided.

## CONCLUSION

The parties should proceed with discovery in light of the foregoing rulings. A status conference is set for January 9, 2002 at 9:30 a.m. (If either party desires the assistance of the court prior to that time, an appropriate motion should be filed.)

Date: October 31, 2001

ENTER: _____
John F. Grady, United States District Judge