Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 0287 | **DATE** | July 28, 2003 |
| **CASE TITLE** | Bretford Manufacturing, Inc. v. Smith System Manufacturing Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

Bretford is requested to respond to the motion to reconsider by August 11 and Smith may reply by August 18, 2003. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | Lazar, Bart@2698100; Hackett, Dennis@7751800; | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices FAXED by judge's staff. | | JUL 2 9 2003 | |
| | Notified counsel by telephone. | | date docketed | 182 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRETFORD MANUFACTURING, INC., | ) |
| Plaintiff | ) |
| vs. | ) No. 98 C 0287 |
| SMITH SYSTEM MANUFACTURING COMPANY, | ) |
| Defendant. | ) |

DOCKETED
JUL 2 9 2003

## ORDER

The court has read the motion of the defendant Smith for reconsideration of the court's order that misuse of the Bretford table leg in the sample submitted to the Dallas Independent School District ("DISD") constituted "reverse passing off" under the Lanham Act. As anxious as we are to conclude this old case, we conclude that further briefing is necessary. Smith has raised some arguments that we have not considered before because they have never been raised. Smith's new arguments are prompted by the ruling in <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 123 S. Ct. 2041 (2003). Specifically, Smith's motion for reconsideration, relying on <u>Dastar</u>, raises the following questions: (1) What the are the "goods offered for sale" in this case? Was it the <u>sample</u> that was delivered to DISD or was it the Smith tables (not containing any Bretford legs) that were ultimately delivered to DISD pursuant to the contract? (2) Whatever the answer to (1), is the Lanham

182

Act concerned only with misrepresentation as to the source of the table, or is it concerned with misrepresentation as to the source of a component part of the table? In other words, what does the defendant "pass off?" We expect Bretford to argue that Smith passed off the Bretford leg as a Smith leg, and this brings us to the next Dastar issue raised by Smith: (3) Did DISD care whose legs were in the table? What is the evidence that DISD did care? If it did not care, in what sense was there "reverse passing off?"

Despite the tardy emergence of these issues, we have no doubt that the Court of Appeals will consider them in any review of the final decision in this case. It is therefore not only appropriate but necessary that we consider them before entering our final judgment.

Bretford is requested to respond to the motion to reconsider by August 11, and Smith may reply by August 18, 2003.

Date: July 28, 2003

ENTER: _____
John F. Grady, United States District Judge