| Minute Order Form (06/97) | | | |
|---|---|---|---|

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 0287 | **DATE** | October 6, 2003 |
| **CASE TITLE** | Bretford Manufacturing, Inc. v. Smith System Manufacturing Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Smith's motion for reconsideration of our ruling that Smith engaged in reverse passing off [180-1] is allowed, and that ruling is vacated. ENTER MEMORANDUM OPINION.

(11)     [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | Lazar, Bart@2698100; Hackett, Dennis@7751800; | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 0 7 2003 date docketed | 189 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | Docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

98-0287.011                                                October 6, 2003

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BRETFORD MANUFACTURING, INC., )
                              )
        Plaintiff,             )
    v.                         )   No. 98 C 0287
                              )
SMITH SYSTEM MANUFACTURING    )
COMPANY,                      )
                              )
        Defendant.             )

**DOCKETED**

**OCT 0 7 2003**

## ORDER

On June 5, 2001, after an evidentiary hearing, we ruled that the defendant, Smith System Manufacturing Company, had engaged in "reverse passing off" in violation of § 43(a) of the Lanham Act when it used a leg from a table manufactured by the plaintiff, Bretford Manufacturing, Inc., as part of a table it submitted to the Dallas Independent School District ("District") as a sample. Smith's bid was accepted by the School District on the basis of the sample, and we later held that in these circumstances Bretford was entitled to recover from Smith the profits that Smith realized on its contract with the District. Most recently, we have had under advisement the motion of Bretford for attorneys' fees and Smith's objections to that motion.

Now there is a new development. On July 21, 2003, Smith filed a motion for reconsideration of our ruling that its use of the Bretford leg in the sample constituted reverse passing off. Smith

relies on the recent case of Dastar Corp. v. Twentieth Century Fox Film Corp., 123 S. Ct. 2041 (2003).

Plaintiffs in Dastar were assignees of rights in a book and a television series concerning World War II, both entitled "Crusade in Europe." The defendant, Dastar, manufactured and sold as its own product a video set, "World War II Campaigns in Europe," which included substantial segments from the original Crusade television series. The series was in the public domain because the copyright had expired.

Plaintiffs sued Dastar for violation of a copyright on the book from which the television series was made and also for reverse passing off of the Crusade television series portion of the video in violation of § 43(a) of the Lanham Act. The district court held for the plaintiffs on both claims. The Ninth Circuit reversed and remanded on the copyright claim on the book but affirmed on the Lanham Act claim for reverse passing off of the television series. The Supreme Court granted certiorari, limited to the Lanham Act claim.

The Court stated that:

> [T]he gravamen of respondents' claim is that, in marketing and selling [the video] as its own product ... Dastar has made a "false designation of origin ... which ... is likely to cause confusion ... as to the origin ... of his or her goods."

123 S.Ct. at 2046  The Court then identified its task as deciding " ... what § 43(a)(1)(a) of the Lanham Act means by the 'origin' of

'goods.'" Id. at 2047. The Court immediately concluded that:

> [T]he most natural understanding of the "origin" of "goods" - the source of wares - is the producer of the tangible product sold in the marketplace, in this case the physical Campaigns videotape sold by Dastar.

Id. The Court rejected the contention that the earlier television series could itself be considered "goods" whose origin was misrepresented by Dastar's failure to acknowledge the source, holding that the phrase "origin of goods" in the Act "refers to the producer of the tangible goods that are <u>offered for sale</u>, and not to the author of any idea, concept, or communication embodied in those goods." Id. at 2050 (emphasis added). Earlier in the opinion, the Court remarked that:

> The consumer who buys a branded product does not automatically assume that the brand-name company is the same entity that came up with the idea for the product, or designed the product — and typically does not care whether it is. <u>The words of the Lanham Act should not be stretched to cover matters that are typically of no consequence to purchasers</u>.

Id. at 2047 (emphasis added).

Smith argues that the holding in <u>Dastar</u> applies to its use of the Bretford leg as part of the sample table. There are really two levels of analysis here. First, the sample table was not the good offered for sale. What was offered for sale were the tables later purchased by the District after it had awarded the contract to Smith. There was no misrepresentation as to the "origin" of those tables, even on Bretford's theory, because there was no misrepresentation, express or implied, as to the source of the

components of the tables. The tables came from Smith. But on another level, even if the sample table were considered the good that was sold to the District by Smith, there was no misrepresentation as to the "origin" of the sample. Again, under the analysis of the Supreme Court, the origin was Smith. It makes no difference that Smith acquired the leg from Bretford, because the District was not concerned with the source of the component parts. It was interested in a table that conformed to the bid specifications, and the sample met that requirement. The evidence at the hearing was quite clear that the District was indifferent to the source of the component parts; Bretford's argument to the contrary misinterprets the record.

Bretford argues that Dastar should be limited to "communicative products," such as videos, but we do not read the case that way. The reasoning of the Court, that the Act is concerned with the completed "tangible product sold in the marketplace," Id. at 2047, applies to tables as easily as to videos. In light of the holding of the case, there simply was no misrepresentation as to the origin of the tables sold by Smith to the District.

As a backup argument, Bretford contends that Smith was guilty of "false advertising" under the Lanham Act in that it misrepresented the origin of the leg on the sample table. But Dastar blocks that argument as well. There was no

misrepresentation, because Smith had no duty to inform the District as to where it had obtained the components it used to assemble the sample table.

Bretford, Smith, and this court as well have assumed up to the time of the <u>Dastar</u> decision that Smith's use of a Bretford leg in the sample would constitute misrepresentation, and, of course, that is exactly what we held. Rather than arguing that it was permissible to use any leg it wanted, Smith denied using the Bretford leg and insisted that it had used a leg obtained from its own supplier. But in light of <u>Dastar</u>, all of this makes no difference. Component parts are not material. The complete product is what counts, and there was no misrepresentation, or false advertising, in regard to the completed products -the tables- that were sold to the District.[1]

Bretford suggests as another alternative to the Lanham Act that it is entitled to recover under the Illinois Consumer Fraud Act for Smith's deception in regard to the sample table. But again, under the <u>Dastar</u> analysis, there was no material deception.

---

[1] Had Smith appropriated a complete Bretford table and sold it as its own, that would have been a different matter. Describing the plaintiffs' claim against Dastar as one for "false designation of origin," the Supreme Court acknowledged: "That claim would undoubtedly be sustained if Dastar had bought some of New Lines Crusade videotapes and merely repackaged them as its own." 123 S.Ct. at 2046. The Court pointed out that "Dastar's alleged wrongdoing, however, is vastly different: it took a creative work in the public domain – the Crusade television series — copied it, made modifications (arguably minor), and produced its very own series of videotapes." <u>Id.</u> at 2046-47. The Court then proceeded to a discussion of whether the Crusade television series or Dastar was the "origin" of Dastar's video and concluded that Dastar was the origin: "Because we conclude that Dastar was the 'origin' of the products it sold as its own, respondents cannot prevail on their Lanham Act claim." <u>Id.</u> at 2050.

Moreover, as Smith points out, Bretford has failed to show that any consumer was injured by Smith's use of the Bretford leg in the sample. The injury was to Bretford, which lost the contract, but Bretford is not a consumer. Recovery under the Illinois Consumer Fraud Act, 815 ILCS 505/1 et seq. requires a showing that the defendant's conduct implicates consumer protection concerns. See Speakers of Sport, Inc. v. ProServ, Inc., 178 F.3d 862, 867-68 (7th Cir. 1999).

## Conclusion

We believe that the Dastar decision entitles defendant Smith to judgment on Bretford's Lanham Act claim of reverse passing off. Accordingly, Smith's motion for reconsideration of our ruling that Smith engaged in reverse passing off is allowed, and that ruling is vacated.

Date:     October 6, 2003

ENTER:    _____
          John F. Grady, United States District Judge